IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **GLOBAL BROTHER SRL, a Romanian Societate cu Raspundere Limitata,** | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 3:25-cv-176 |
| v. | ) ) ) | |
| **Latoya Brock, an individual, MauWea Clothing Apparel, LLC d/b/a Mau'Wea Apparel and mauwea.Africa,** | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

**COMES NOW** Plaintiff Global Brother SRL (hereinafter "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants Latoya Brock and MauWea Clothing Apparel, LLC d/b/a Mau'Wea Apparel and mauwea.Africa (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations under federal and State of Alabama law. This action is to address the unauthorized reproduction, distribution, and public display of Plaintiff's protected works by the Defendant.

1.Plaintiff is a worldwide publisher of popular books directed to health and wellness. It has invested substantial resources in creating, distributing, advertising and protecting its books

1

contents and images thereof - subject to copyright, trade dress, trademark, and related intellectual property rights.

2.     Defendants, without authorization or license, engaged in the unauthorized dissemination of Plaintiff's works through online platforms to misrepresent source, misrepresent rights, and mislead consumers in this District, causing financial and reputational harm to Plaintiff. The Defendants not only copied Plaintiff's works but marketed them under different titles to avoid detection.

3.     Through this action, Plaintiff seeks to protect its exclusive rights under federal and state laws and prevent further harm caused by Defendants' ongoing infringing acts. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and other relief just and proper to remedy the harm caused by Defendants' unlawful conduct.

## JURISDICTION AND VENUE

4.     This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

5.     This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

6.     This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

7. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendants live, reside and/or maintain their principal place of business in this District and directs unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

9. Venue is also proper in this district pursuant to 18 U.S.C. § 2255 and 28 U.S.C. §§ 1391(b)(1) & (c)(2). Under 28 U.S.C. § 1391(b)(1), an action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" Under 28 U.S.C. § 1391(c)(2), "an entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction . . . ." This Court has personal jurisdiction over all of the Defendants with respect to this civil action based on 18 U.S.C. § 2255. As such, all of the Defendants are considered residents of the Middle District of Alabama, Eastern Division, and venue is proper in this district.

10. Further, venue is proper under 28 U.S.C. § 1391(b)(3), which states that an action may be brought "if there is no district in which an action may otherwise be brought as provided in this section, [in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." As the Defendants are subject to the Court's personal jurisdiction based on 18 U.S.C. § 2255, venue is proper here.

11. Defendants are further subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, Defendants expressly consented to jurisdiction in this District (Exhibit A).

## PARTIES

12. Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with various book titles including "Forgotten Home Apothecary" (Exhibit B) and "The Forager's Guide to Wild Foods" (Exhibit C). Rights associated with the foregoing include copyright and trade dress, common law trademark rights.

13. Defendant Latoya Brock (hereinafter "Brock") is a resident and citizen of the state of Alabama who resides at 2515 16th Avenue SW, Lanett, Alabama 36863. Defendant Brock is in the business of on-line sales for various goods, including books.

14. Defendant MauWea Clothing Apparel, LLC d/b/a Mau'Wea Apparel and mauwea.Africa (hereinafter "MauWea") is an Alabama limited liability company, formed under the laws of the state of Alabama with its principal place of business located at 2515 16th Avenue SW, Lanette, Alabama 36863. Defendants Brock and MauWea own, control and operate content published at https://mauwea.africa ("Defendant's website"). (Exhibit A).

15. Through Defendants' website and other platforms to be discovered, Defendants engage in unlawful sale and distribution of infringing materials, not limited to Plaintiff's books, "Forgotten Home Apothecary" and "The Forager's Guide to Wild Foods."

16. The Defendants' website is directed to consumers in Alabama and in interstate commerce, to transmit and transport infringing materials, including, but not limited to, those of the Plaintiff to unsuspecting consumers in this District.

## FACTUAL BACKGROUND

17. Plaintiff is the exclusive owner of all rights, title, and interest in and to books "Forgotten Home Apothecary" and "The Forager's Guide to Wild Foods" based on, but not limited to, its registered copyrights, common law trademark rights and distinctive trade dress:

- TRADEMARK: Plaintiff has acquired common law trademark rights in the title and covers "Forgotten Home Apothecary" and "The Forager's Guide to Wild Foods" through continuous and extensive use in commerce, resulting in strong consumer recognition.

- TRADE DRESS: Plaintiff's trade dress includes distinctive designs comprising its titles, layouts, font styles, color schemes, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the products and/or books originate from Plaintiff.

- COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "Forgotten Home Apothecary" and "The Forager's Guide to Wild Foods," inter alia, the book, text, artwork as in VAu001533601, VAu001538856, TXu002445163, TXu002446715 and TX0008996331 (Exhibits B and C, U.S. Copyright Office printouts).

18. The books owned by Plaintiff include:

(A) "Forgotten Home Apothecary" (e.g., <u>Exhibit B</u>) which is comprised of:

a detailed image resembling a vintage, wooden medicine cabinet. The cabinet is crafted with a dark wooden frame that showcases intricate carvings. Inside the cabinet, there are multiple shelves filled with an assortment of bottles, jars, and containers of various shapes and sizes, labeled with different contents having variety of herbal remedies and ingredients. The labels on containers are styled in script and print. Some visible labels include "Honey Clover," "Juniper Berries," and "Birch Bark." Surrounding the central banner where the book's title, "Forgotten Home Apothecary," is prominently displayed in a decorative red and gold banner, are various botanical illustrations including herbs, leaves, and twig-like elements that frame the title. Below the title, the subtitle "250 Powerful Remedies at Your Fingertips" is situated in a smaller style. The author's name, "Nicole Apelian Ph.D.," is featured at the bottom of the cover, as in the following:



(B) "The Forager's Guide to Wild Foods" (e.g., Exhibit C) which is comprised of:

a cover that has a dark maroon background that covers the entirety of the design. Overlaying this background is an intricate hexagonal pattern that encloses differing, botanical illustrations in gold. At the top, "Nicole Apelian, Ph.D." is featured. Below the author's name is

7

"The Forager's Guide to Wild Foods" displayed larger than other text. The subtitle "Edible Plants, Lichens, Mushrooms, and Seaweeds" follows in a smaller, italicized serif font, also in similar contrast. The mention of "The North American Edition" is in the smallest font on the cover, placed at the bottom of the title block. The lower section of the cover includes photographs arranged in a grid format, each framed by the maroon background, being a rustic basket filled with green ferns, held pinecones and needles, yellow flowers with green leaves, mushrooms, and red berries, as in the following:



19. Plaintiff's foregoing books have been extensively marketed, distributed, and sold in the United States since at least as early as 2021, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable trademark rights in the content, title, design, and trade dress of the books.

20. On or about February 7, 2025, Plaintiff discovered Defendant was advertising and selling counterfeit, unauthorized versions of its "Forgotten Home Apothecary" at:

https://mauwea.africa/products/wild-wild-west-guidebook?utm_medium=website&utm_source=shop-website. The following is an image representing the unauthorized use and publication, which is hosted by the e-commerce platform, Shopify:




21. The foregoing is an exact copy of Plaintiff's book, its copyrights and distinctive trade dress, that creates a false impression of affiliation on account of Defendants' conduct. The title used by Defendants to advertise and promote the book is intentionally different than the actual book, to avoid detection. It also evidenced consumers' recognition of the book cover.

22. In order to safeguard its intellectual property rights and mitigate consumer confusion, on or about February 7, 2025, Plaintiff filed a Digital Millennium Copyright Act (DMCA) Takedown Notice (hereinafter "takedown notice") with Shopify regarding the unauthorized content by Defendants. Following its complaint, the Defendants' infringing advertisement was suspended. (Report ID: f882c508-bf2b-41da-84ed-96d71f82389a.)

23. On or about February 13, 2025, Defendant Latoya Brock filed a Counter-Notice, claiming the takedown was made in error and asserting a "good faith belief" that Defendants' actions were lawful. Under Shopify's policy, the infringing advertisement may now be reinstated unless Plaintiff files a federal lawsuit. (Exhibit C, Defendant's Counter-Notice and Shopify email.)

24. On February 14, 2025, Plaintiff sent correspondence to Defendants confirming Plaintiff's ownership and requesting information from Defendants in order to attempt to begin facilitating resolution and avoid litigation. The email address attested to by the Defendants as contact information, LatoYAHS@mauwea.Africa, was returned.

25. Upon information and belief, Defendants have engaged and continue to engage in additional infringements. Further discovery will reveal the full scope of Defendants' infringing activities, including additional unauthorized reproductions, sales, and operations, including, but not limited to an identical copy of Plaintiff's "The Forager's Guide to Wild Foods" recently discovered on Defendants' website:

 

Notably, Defendant intentionally titled the above book "Wild Wild West Guide Book" in order to avoid detection of infringing "The Forager's Guide to Wild Foods." Defendants' intentional conduct evidences the consumers' recognition of Plaintiff's copyright and trade dress associated with the book.

26.     Defendants' actions leave Plaintiff with no alternative other than to initiate this lawsuit to prevent ongoing harm and seek damages. Defendants' wrongful acts, including, but not limited to, copyright infringement, trademark and trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendant is enjoined by the court.

## CLAIMS FOR RELIEF

### COUNT I
### COPYRIGHT INFRINGEMENT
### [17 US CODE § 501]

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the books and their contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted material.

29. Defendants, without authorization or consent, willfully, intentionally and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before February 2025, to present. Acts of infringement occurred after the Plaintiff received its copyright registration(s).

30. Defendants' actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendant's infringing activities.

31. As a direct and proximate result of Defendants' infringing acts, the Plaintiff suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate

remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff.

32. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother SRL's U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

**WHEREFORE** Plaintiff claims damages, including actual, incidental and consequential damages, as well as all other enhanced statutory damages available under the Act, including those damages provided for in 17 U.S.C. § 504(c), as well as all other appropriate relief, plus interest, costs and attorney's fees.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## [15 U.S.C. § 1125(a)]

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiff's Trademarks").

35. Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendants.

36. Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use

13

in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

37. Defendants' unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

38. As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendants' unfair competition.

WHEREFORE Plaintiff claims damages, including damages of Defendants' profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. Because Defendants actions were willful, Plaintiff also claims an award of attorneys' fees as authorized by 15 U.S.C. § 1117.

## COUNT III
## MISREPRESENTATION, COUNTER-NOTICE
## [17 U.S.C. § 512(F)]

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Defendants knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

41. Defendants' false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

42. As a result of Defendants' misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendants' unlawful conduct including but not limited to the necessity of filing this complaint.

**WHEREFORE** Plaintiff claims all damages it is entitled to by law in accordance with 17 U.S.C. § 512(F), as well as all costs of this action, appropriate relief, plus interest and attorneys' fees.

## COUNT IV
## VIOLATIONS OF ALABAMA DECEPTIVE TRADE PRACTICES ACT (ADTPA), [ALABAMA CODE § 8-19-1 ET SEQ.]

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. The Alabama Deceptive Trade Practices Act, codified at Ala. Code § 8-19-1, *et seq*. (1975) (hereinafter "ADTPA") prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

45. Defendants engaged in conduct that violates the ADTPA by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. Defendants' actions and practices were unfair, deceptive and in violation of Ala. Code § 8-19-5, including, but not limited to, "engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce." Examples of Defendants' conduct include, but are not limited to:

    A. <u>Deceptive Representation of Origin</u>: Defendants deliberately replicated the works, titles, texts, trade dress, and designs of Plaintiff's books, misleading consumers into

believing the infringing books are affiliated with, authorized by, or a genuine product of Plaintiff.

B. <u>False and Misleading Advertising</u>: Defendants used deceptive advertisements that prominently displayed and published Plaintiff's registered copyrights, in support of procuring unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

C. <u>Use of a Knockoff Product to Mislead Consumers</u>: Defendants' unauthorized books mimic Plaintiff's distinctive trade dress and design and allow Defendants to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's genuine books.

D. <u>Intentional Consumer Confusion</u>: Defendants' deliberate and repeated tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

E. <u>Harm to Consumers</u>: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff, and which was priced by Defendants with the intention to cause consumers to suffer financial loss and diminished trust in Plaintiff's brand.

46. As a result of the actions of the Defendants, Plaintiff has incurred monetary damages, incidental damages, consequential damages, and further, Plaintiff has suffered stress, anxiety, inconvenience, frustration, and mental anguish.

47. Plaintiff hereby contends, pursuant to Ala. Code § 8-19-10(a), it is entitled to relief under the ADTPA of three times the amount of actual damages, plus costs, and a reasonable attorneys fee to be determined at the conclusion of this litigation.

**WHEREFORE**, the premises considered, Plaintiff respectfully requests a judgment award, along with costs and attorney fees as provided by Alabama Code § 8-19-10(a); and such further and different relief as this Court deems just and proper.

### COUNT V
### UNJUST ENRICHMENT

48.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     Defendants have unlawfully benefitted from the unauthorized use of Plaintiff's intellectual property, for the purpose of deriving revenue and goodwill at Plaintiff's expense.

50.     Defendants used and are still using Plaintiff's distinctive books, titles, trade dress, and associated goodwill to market and sell unauthorized copies thereof, deceiving consumers into purchasing the books under the false impression that it is genuine and originated from Plaintiff.

51.     By capitalizing on Plaintiff's intellectual property and goodwill, Defendants unjustly obtained and continue to obtain benefit, including but not limited to: revenue generated from the sale of counterfeit books; cost savings by avoiding investment in original design, marketing, and branding efforts; and consumer trust and market recognition built upon Plaintiff's established reputation.

52.     Plaintiff never authorized Defendants to use its intellectual property or to benefit from its reputation and goodwill. Defendants' unauthorized use constitutes unlawful conduct that has harmed Plaintiff financially and reputationally.

53.     Defendants knew or should have known that their actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Prior to filing a counter-notice, Defendants should have investigated the dispute. Instead, Defendants, with wanton disregard, filed a counter-

notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right.

54. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer significant harm, including, but not limited to: loss of revenue and market share due to diverted sales; reputational harm caused by consumer confusion; and diminished goodwill in the marketplace. Equity and good conscience require Defendants disgorge all profits and other financial benefits unjustly obtained through its wrongful conduct.

55. Equity demands that the Defendants should not be permitted to retain the benefits unjustly obtained through its wrongful conduct. Plaintiff is entitled to restitution of all ill-gotten gains and profits, as well as any other equitable relief this Court deems just and proper.

WHEREFORE, Plaintiff claims restitution of all ill-gotten gains as well as any and all other equitable relief deemed just by this Court in order to prevent Defendants from further unjust enrichment at Plaintiff's expense.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants' as follows:

a. Statutory damages under the Lanham Act and Copyright Act;

b. Actual damages, including lost profits and compensation for reputational harm;

c. Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

d. Disgorgement of Defendants' profits from infringing activities;

e. Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117 and Alabama law;

f. An order requiring the destruction or forfeiture of all infringing materials in Defendants' possession;

  g.  Restitution for unjust enrichment under Alabama law;

  h.  Pre-judgment interest at the maximum legal rate;

  i.  Post-judgment interest at the maximum legal rate; and

  j.  All other and further relief the Court deems just and equitable.

      Respectfully submitted this 4th day of March, 2025

      *s/W. Christopher Waller, Jr.*
      W. CHRISTOPHER WALLER, JR. (WAL187)
      JOE WILEY L. MITCHELL (MIT075)
      *Attorneys for Plaintiff Global Brother SRL*

OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36104
Telephone:  334-387-7680
Facsimile:  334-387-3222
Email: cwaller@ball-ball.com
Email: jmitchell@ball-ball.com

**ALL DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

**Latoya Brock**

**2515 16th Avenue, SW**

**Lanette, Alabama 36863**


**MauWea Clothing Apparel, LLC d/b/a**

**Latoya Brock, Registered Agent**

**2515 16th Avenue, SW**

**Lanette, Alabama 36863**