IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GLOBAL BROTHER SRL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:25-cv-176-RAH-CWB |
| | ) |
| LATOYA BROCK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Pending before the Court is Plaintiff Global Brother SRL's *Motion for Default Final Judgment Against Defendants Latoya Brock and Mauwea Clothing Apparel, LLC* (doc. 13) filed on October 6, 2025. In this copyright infringement suit, Defendants have not responded to the Complaint or otherwise made an appearance. Having obtained an entry of default from the clerk of court on July 24, 2025, Plaintiff presently seek a default judgment against Defendants for statutory damages, a permanent injunction, and costs, including reasonable attorney's fees. After careful review of the record, and for good cause, the Court will grant the motion and a judgment by default will be entered against the Defendants.

**JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over this action under 28 U.S.C § 1332 as the claims arise under the Constitution, laws, or treaties of the United States. The Court finds adequate allegations of personal jurisdiction and venue.

**BACKGROUND**

Plaintiff Global Brother SRL commenced this action on March 4, 2025, against Defendants Latoya Brock and MauWea Clothing Apparel, LLC d/b/a/ Mau'Wea Apparel and mauwea.Africa. In the Complaint, Plaintiff alleges that it is the lawful copyright owner of exclusive rights with respect to the books, content, and artwork of "Forgotten Home Apothecary" and "The Forager's Guide to Wild Foods." (*Id.* at 9–11.) Plaintiff claims that Defendants illegally infringed on these copyrights and unlawfully sold copies of these books on their website. (*Id.* at 2.)

Defendants were served on April 7, 2025. (Doc. 4.) After not responding to the Complaint within the required time, Plaintiff filed an application for entry of default with the clerk of court pursuant to Rule 55(a). (Doc. 8.) This application initially was denied. (Doc. 9.) However, Plaintiff subsequently filed a renewed application for entry of default (doc. 10), which was granted (doc. 11). Having obtained an entry of default from the clerk of court, Plaintiff now requests a judgment against Defendants for statutory damages ($60,000), costs, attorney's fees ($5,997.42), a permanent injunction prohibiting Defendants' further infringement of Plaintiff's copyrighted books, and destruction of any existing infringing goods.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. An entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). The

Court may, but is not required, to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366. "The district court may forego a hearing where all essential evidence is already of record." *Id.* (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If the record is sufficient, a district court may determine damages without a hearing. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## DISCUSSION

The Copyright Act authorizes copyright owners to recover actual damages and any profits made by the defendant as a result of the infringing conduct. 17 U.S.C. § 504(b). Alternatively, a copyright owner may elect to receive an award of statutory damages. *Id.* at § 504(c)(1). The range of statutory damages is $750-$30,000 per each work infringed. *Id.* Where the court finds the infringement was committed willfully, it may increase the damages to $150,000 per each work infringed. *Id.* at § 504(c)(2). Willful conduct under the Act includes the defendant knowing their actions constituted infringement or that they recklessly disregarded the possibility that their actions were infringing. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015).

The Court has wide discretion to set damages within the statutory limit. *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir.

1990). However, "[i]n its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Id.* Other factors to consider include: "(1) the expenses defendant saved by infringing; (2) the revenue defendant derived from the infringement; and (3) plaintiff's lost income." *Joe Hand Promotions, Inc. v. Barber*, 540 F. Supp. 3d 1070, 1079 (M.D. Ala. 2021) (citations omitted).

Here, while Plaintiff claims Defendants' actions were willful, Plaintiff only seeks $30,000 per work infringed, the statutory maximum for non-willful violations. Plaintiff argues that its request is reasonable in light of the Defendants' non-cooperation, the infringement being commercial, and to deter any future wrongful conduct. While Plaintiff is unable to prove actual damages or lost profits, this is because the Defendants have failed to respond to this legal action and have not given to Plaintiff any data on sales, website traffic, or other account information relating to the infringed works. Because of the Defendants' non-cooperation, the willfulness of their actions, and the deterrent effect, this Court believes that Plaintiff's request of $30,000 per work infringed (for a total of $60,000) is reasonable and justified.

Plaintiff next seeks a permanent injunction under 17 U.S.C. § 505 and 15 U.S.C. § 1116. The Copyright Act authorizes courts to grant temporary or final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Lanham Act similarly authorizes injunctions "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark . . ." 15 U.S.C. § 1116(a).

Here, the standard for a permanent injunction has been met.[1] Again, because of Defendants' seemingly willful conduct, the Court finds that a permanent

---

[1] A plaintiff seeking such an injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate

4

injunction is appropriate under both the Copyright Act and the Lanham Act to prevent further infringement.

In addition to the permanent injunction, Plaintiff seeks the destruction of any infringing goods under 17 U.S.C. § 503(b). That section of the Copyright Act provides that as part of a final judgment, a court "may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." "In determining the appropriateness of this equitable remedy, the Court follows a standard which mirrors that of injunctive relief." *Frazetta Props., LLC v. Vanguard Prods., LLC*, 8:22-cv-581-WFJ-AEP, 2025 WL 2494220 (M.D. Fla. Aug. 29, 2025) (quotation omitted).

Because the mirrored standard for granting injunctive relief has been met, the Court will also order the destruction of any existing infringing goods to prevent any further infringement by Defendants.

Lastly, the Court finds that Plaintiff's requested attorney's fees of $4,975 and costs of $1,022.42 are reasonable and supported by the record. Both the Copyright Act and the Lanham Act authorize awards of reasonable attorney's fees and costs to prevailing parties.[2] *See* 17 U.S.C. § 505; 15 U.S.C. § 1117. As such, the Court awards Plaintiff its fees and costs in this litigation.

---

for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

[2] The Copyright Act authorizes a prevailing party to recover the full costs of an action as well as an award of attorney's fees in the court's discretion. Under the Lanham Act, a prevailing party may recover reasonably attorney's fees in exceptional cases. *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018). Because Defendants defaulted in this case, the well-pleaded allegations of fact are deemed admitted. *Giovanno*, 804 F.3d at 1366. As such, the well-pleaded facts of this case are sufficient to establish liability and willfulness, making it an exceptional case.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The *Motion for Default Final Judgment Against Defendants Latoya Brock and Mauwea Clothing Apparel, LLC* (doc. 13) is **GRANTED**;

2. A judgment in the amount of $65,997.42 will be entered in favor of the Plaintiff and against the Defendants, jointly and severally;

3. A **PERMANENT INJUNCTION** will be entered in favor of Plaintiff and against Defendants prohibiting the Defendants from importing, advertising, using, making, or infringing the protections under Plaintiff Global Brother SRL's U.S. Copyright Registrations specific to TXu 2-445-163 & TX 8-996-331, and will be further ordered to destroy all unauthorized copies of "Forgotten Home Apothecary" and "The Forager's Guide to Wild Foods" in their possession and/or control that exist.

4. A separate judgment will be issued.

**DONE** and **ORDERED** on this the 23rd day of December 2025.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE